IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIEL ALEX, | Cause No. CV 25-46-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| STATE OF MONTANA, | |
| Respondents. | |

State pro se prisoner Daniel Alex ("Alex") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

Following a trial in Montana's Twelfth Judicial District Court, Hill County, Alex was convicted of Intimidation. On December 13, 2024, he was committed to the Montana State Prison for a 10-year term. (Doc. 1 at 1-2.) Alex is presently incarcerated at the Crossroads Correctional Center.

Alex timely appealed. He has an active appeal pending before the Montana

1

Supreme Court in which he is represented by the Montana Appellate Defender Division. (*Id.* at 2.) A review of the Montana Supreme Court's docket for the matter, *State v. Alex*, DA 25-0020, indicates that the Appellant's opening brief is not yet due, as the court reporter has been given until September 8, 2025, to prepare the transcripts. *See*, *State v. Alex*, DA 25-0020, Or. (D. Mont. June 12, 2025).[1]

Alex is dissatisfied with the delay that has occurred thus far in his appeal. Apparently, the Chief of the Appellate Defender Division advised Alex that although the Division has assumed representation, a specific appellate attorney will not be assigned until after the transcripts have been filed. (Doc. 1 at 2-3.) Alex asserts this has frustrated his attempt to secure an appeal bond. (*Id.*) Alex has attempted pro se to file a Motion for Default, Notice, and proposed Order with the Montana Supreme Court, challenging the perceived irregularities in his appeal. (*Id.*); see also, (Doc. 1-1 at 7-16.) These items were returned to Alex by the Clerk of the Supreme Court, pursuant to Rule 10(1)(c) of the Montana Rules of Appellate Procedure, as Alex is presently represented by counsel. (Doc. 1 at 3); (Doc. 1-1 at 17.) Alex asserts he is being denied the ability to challenge the State's purported violation of the rules of appellate procedure by unduly delaying the production of

---

[1] See: https://supremecourtdocket.mt.gov/ (accessed July 10, 2025). A copy of this Order is also attached to Alex's petition. (Doc. 1-1 at 21.)

2

the trial transcripts and, as a result, delaying his appeal. (*Id.* at 3.)

Alex then cites to the balancing test set out in *Barker v. Wingo*, 407 U.S. 530 (1972), to suggest that the purported appellate delay has violated his right to due process. (*Id.* at 4-5.) Alex asks this Court to enter an order instructing the State of Montana to assign him appellate counsel immediately or, alternatively, to conduct an evidentiary hearing to determine "the level of prejudice [Alex] has suffered." (*Id.* at 5.)

**Lack of Jurisdiction**

There are several problems with Alex's §2254 petition. First, Alex seeks a determination from the federal court that the State of Montana and/or the Montana Supreme Court has misapplied state laws and/or state appellate rules of procedure. This Court, however, lacks jurisdiction to act in the matter suggested by Alex. Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and federal statutes. *Rasul v. Bush*, 542 U.S. 466, 489 (2004). As a court of limited jurisdiction, this Court has an obligation to dismiss claims for which there is a lack of subject matter jurisdiction. *Demarest v. United States*, 718 F. 2d 964, 965 (9th Cir. 1983); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F. 3d 593, 594-95 (9th Cir. 1996). Federal district courts do not have appellate jurisdiction over state courts, whether by direct appeal, mandamus, or otherwise. *See e.g., Rooker v. Fid. Trust Co.*, 263 U.S. 413,

3

425-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *see also, MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, it would be entirely inappropriate for this Court to review either the Montana Supreme Court refusal to accept Alex's pro se filings or that manner in which the Appellate Defender Division administers its cases.

### *Younger* Abstention

But even assuming this Court had jurisdiction to consider a challenge to Alex's state proceedings, the principles of comity and federalism weigh against federal courts interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger*, 401 U.S. at 45-46. Irreparable injury does not exist in such situations if the threat to a petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" *Id.* at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-(1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v.*

4

*Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A petitioner may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (*quoting Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

The Court finds all *Younger* requirements are satisfied in the present matter and declines to intervene. First, Alex's direct appeal in the Montana Supreme Court is "ongoing;" his opening brief has not yet been filed. *See, Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir. 2001)(under the first

prong of the *Younger* test, state proceedings are deemed ongoing if the state court suit was pending at the time of the federal suit's filing). Second, Alex's proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See, Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, as explained above, Alex's instant challenge, although couched as due process claim, does present a cognizable claim in this court. As explained herein, his appellate proceedings are in the infancy stage. Finally, granting relief in the instant matter would have the practical effect of enjoining ongoing state proceedings. Alex has not shown irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance. Because there is no compelling reason for this Court to intervene, it will abstain. Thus, *Younger* provides an additional basis for dismissal.

**Exhaustion**

Finally, to the extent that Alex could present a cognizable federal claim, he has not exhausted his state remedies. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

6

Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

Alex must present his claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Alex has not yet exhausted his available state court remedies, this Court cannot review his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).

For all of the reasons set forth herein, the petition will be dismissed without prejudice. Alex may return to this Court once all of the procedural requirements have been met.

### Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the

7

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth herein, Alex has not made a substantial showing of the denial of a constitutional right. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, IT IS ORDERED that:

1. Alex's Petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 15th day of July, 2025.

Donald W. Molloy, District Judge
United States District Court